No. 13-30315
(consolidated with No. 13-30329)

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

IN RE: DEEPWATER HORIZON

---

On Appeal from the United States District Court
for the Eastern District of Louisiana
MDL No. 2179, Civ. A. No. 12-970

---

**REPLY IN SUPPORT OF MOTION OF DEFENDANTS-APPELLANTS TO CONSOLIDATE APPEALS**

---

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Theodore B. Olson
*Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

*Counsel for Appellants*
[*additional counsel listed on next page*]

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606
(312) 876-8000

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

## INTRODUCTION

BP's protective new appeal (No. 13-31220) is directly relevant to and inextricably intertwined with the issues addressed by this panel in its October 2 decision, and consolidation is therefore essential in the interests of judicial economy and efficiency. The appeal in No. 13-31220 presents the questions whether the settlement agreement contains a threshold causation requirement for class membership and whether the district court was required to stay payment of claims for injuries that are not traceable to the spill. Those very same issues were part of this Court's remand as detailed in the October 2 decision and are identical to the issues already pending before this panel pursuant to BP's Emergency Motion to Enforce this Court's October 2 Judgment and for an Injunction. Doc. No. 00512449474 (Nov. 21, 2013) ("Emergency Motion"). Moreover, this panel explicitly retained jurisdiction over these precise issues pending the district court's implementation of the October 2 decision. In these circumstances, consolidation is plainly called for.

## ARGUMENT

The issues raised in No. 13-31220—namely, the district court's refusal to stay payment of claims not causally linked to the spill and its misinterpretation of the settlement agreement's causation provisions—*are already before this panel* in the present appeal (No. 13-30315). In its October 2 decision remanding to the district court, this panel

explicitly directed the district court to stay processing of claims for injuries not "traceable to loss from" the spill, and "retain[ed] jurisdiction" over further appellate proceedings arising out of the remand. *In re: Deepwater Horizon*, 732 F.3d 326, 345-46 (5th Cir. 2013); *id.* at 346 (Southwick, J., concurring). The district court's refusal to grant the stay mandated by this panel is directly at issue in Appeal No. 13-31220, which challenges the district court's failure to enforce the causal-nexus requirement for class membership in its October 18 preliminary injunction and its order denying BP's motion to amend. For that reason alone, that appeal is not only inextricably intertwined with the appeal already pending before this panel pursuant to its retained jurisdiction, but it is also part and parcel of the appeal already. For this reason, consolidation is necessary.

Moreover, both Judge Clement and Judge Southwick made clear that the issue of causation was part of the remand contemplated by the October 2 decision. Judge Clement explained that the district court's "interpretation of the Settlement Agreement [to] include[] businesses without colorable legal claims . . . could imperil a final approval of the settlement," and instructed the district court to "consider[]" that consequence "in evaluating the correct interpretation of possible ambiguities in th[e] agreement." 732 F.3d at 344 (opinion of Clement, J.). Judge Southwick agreed that this part of Judge Clement's opinion was "logical," but stated that he "would defer the issue and allow the

parties *on remand* to give it the attention it deserves." *Id.* at 346 (Southwick, J., concurring) (emphasis added). The district court's erroneous interpretation of the settlement agreement's causation requirements is therefore within the scope of the remand, and thus falls squarely within the jurisdiction retained by this panel.

Class Counsel's opposition to consolidation recites a litany of alleged representations by BP, while ignoring the simple reality that *this panel* has retained jurisdiction to review the district court's rulings on the causation issue. The opposition claims that the issues raised in BP's Emergency Motion "all pertain to Rule 23, class ascertainability, class fairness, class member standing, and the standards of class membership." Opp. 2. That is plainly wrong. BP's Emergency Motion does not ask this Court to review the district court's class certification and fairness decision, which is pending before a different panel hearing appeal No. 13-30095. Rather, the Emergency Motion seeks to enforce the settlement agreement's causal-nexus requirement for class membership. To be sure, BP correctly argues, in keeping with this Court's October 2 decision, that BP's interpretation should be adopted because (among other reasons) failure to do so would invalidate the agreement and preclude class certification, but those arguments are relevant here only as they relate to the interpretive question that is at issue in this appeal and not in No. 13-30095.

To further confuse the issues, Class Counsel misleadingly argue that "BP told this Court . . . that this appeal is not about causation." Opp. 2. Although BP's original appeal in No. 13-30315 focused on BEL compensation issues, it was Class Counsel who repeatedly insisted on injecting the causation issue into the case as a purported ground for affirmance. Thus, for example, Class Counsel argued that "[c]ausation is nothing more than an agreed upon formula between the parties. Once the numbers are run based upon records kept in the ordinary course of business that establishes the causal nexus between the business harm and the *Deepwater Horizon* spill required under the Agreement. If the numbers pass the test, then all losses that are calculated under Exhibit 4C are presumed to be caused by the spill." Appellees' Br. 30; *see also*, *e.g.*, *id.* at 31 ("[T]here can be no 'fictitious' losses or 'fraudulent' claims by businesses that meet the objective formulas set forth in the Causation and Compensation Frameworks, as BP agreed to define any and all such losses as caused by the spill."); *id.* at 30-32, 41, 55. In response to the arguments made by Class Counsel, this panel therefore addressed the issue of causation at Class Counsel's invitation, and appropriately remanded for further consideration of that question. There is no basis for Class Counsel's

belated attempt to rescind their strategic decision to inject the causation issue into this appeal.[1]

Class Counsel also err in contending that BP's protective appeal in No. 13-31220 should be heard by the panel reviewing the district court's class certification and fairness ruling (No. 13-30095), because BP allegedly made causation a central issue before that panel. Opp. 5. In BP's letter brief to the 13-30095 panel, BP instead made clear that the question of the proper interpretation of the settlement agreement's causal-nexus requirement for class membership was part of the remand ordered by *this* panel and would ultimately be resolved in *this* appeal. *See* Letter from Theodore B. Olson to Lyle W. Cayce, Clerk, U.S. Court of Appeals for the Fifth Circuit, at 9 (No. 13-30095) (Oct. 11, 2013) ("Letter Brief"). Specifically, BP explained that "[i]f the remand proceedings ordered by the BEL panel ultimately lead to the adoption of

---

[1] Class Counsel's reliance on statements made by BP at oral argument (Opp. 3-4) also misses the mark for another reason. The question posed by Judge Clement to BP's counsel pertained only to Exhibit 4B of the settlement agreement. Emergency Motion, Ex. U at 10 ("If you look at 4–B[,] where is BP's consideration for agreeing to pay those claims without proving they were caused by the Oil Spill?"). As explained at length in BP's Emergency Motion and Reply, Exhibit 4B has no relevance to the threshold causal-nexus requirement for class membership, which must be satisfied before Exhibit 4B even comes into play. Discussions about the meaning of Exhibit 4B, which applies only to class members, have no bearing on the threshold issue of class membership addressed in the Emergency Motion.

the interpretations of the BEL framework that BP urges—as to both the Variable-Profit Decision and the Causation Policy—the otherwise fatal obstacles to class certification and settlement approval identified by BP and the objectors would be eliminated."[2] *Id.* Thus, BP took the same position before the 13-30095 panel that it is taking here: the question of the proper interpretation of the agreement's causation requirements is for *this* panel to resolve.

BP took the same position once again at oral argument before the 13-30095 panel. Class Counsel selectively quote from the argument transcript in an attempt to create a different impression (Opp. 5-9), but they omit the relevant explanation by BP's counsel regarding this panel's authority to resolve the causation issue: "And I think that's all that was involved in that other panel, and we're prepared to accept the resolution through that other panel." Opp. Ex. E at 42.

Finally, Class Counsel seeks to minimize the urgent nature of BP's emergency motion, *see* Opp. 10, but unless this Court enters an injunction enforcing its October 2 judgment, the CSSP will resume paying BEL claimants who are not class members because their alleged

---

[2] BP's letter brief used the term "Causation Policy" as a shorthand for "the Claims Administrator's interpretation of the settlement agreement's causation requirements," Letter Brief at 1-2, *i.e.*, the Claims Administrator's erroneous position that the settlement agreement contains no causal-nexus requirement for class membership and that Exhibit 4B is the only provision addressing causation.

injuries have no causal nexus to the oil spill. Emergency Motion, Ex. AA ¶¶ 4-5. The Claims Administrator has already awarded hundreds of millions of dollars to such claimants, and the resulting dissipation of BP's assets will likely be irremediable in many cases. Because this panel has already considered the causal-nexus requirement, it is well-positioned to address BP's Emergency Motion with requisite celerity.

## CONCLUSION

To conserve judicial resources and to promote consistent treatment, BP respectfully asks that this Court consolidate this appeal with BP's newly filed appeal.

November 27, 2013

Respectfully Submitted,

/s/ Theodore B. Olson

Theodore B. Olson
*Counsel of Record*
Miguel A. Estrada
Thomas G. Hungar
Scott P. Martin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

George H. Brown
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
Andrew B. Bloomer, P.C.
R. Chris Heck
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-2000

Jeffrey Bossert Clark
Steven A. Myers
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 879-5000

Daniel A. Cantor
Andrew T. Karron
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Jeffrey Lennard
DENTONS LLP
233 S. Wacker Dr., Suite 7800
Chicago, IL 60606
(312) 876-8000

S. Gene Fendler
Don K. Haycraft
R. Keith Jarrett
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979

Kevin M. Downey
F. Lane Heard III
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5000

*Attorneys for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2013, an electronic copy of the foregoing Reply in Support of Motion of Defendants-Appellants to Consolidate Appeals was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system, and that service will be accomplished by the appellate CM/ECF system.

/s/ Theodore B. Olson

Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that on November 27, 2013, this Reply in Support of Motion of Defendants-Appellants to Consolidate Appeals was transmitted to the Clerk of the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF document filing system, https://ecf.ca5.uscourts.gov. I further certify that: (1) required privacy redactions have been made pursuant to this Court's Rule 25.2.13, (2) the electronic submission is an exact copy of the paper document pursuant to this Court's Rule 25.2.1, and (3) the document has been scanned with the most recent version of Microsoft Forefront Endpoint Protection and is free of viruses.

/s/ Theodore B. Olson

Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500